UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF LOUISIANA

SHREVEPORT DIVISION

| | |
|---|---|
| **SAMUEL SPEED** | **CIVIL ACTION NO. 14-2622-P** |
| **VERSUS** | **JUDGE HICKS** |
| **WARDEN N. BURL CAIN** | **MAGISTRATE JUDGE HORNSBY** |

### REPORT AND RECOMMENDATION

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

### STATEMENT OF CLAIM

Before the court is a petition for writ of habeas corpus filed by pro se petitioner Samuel Speed ("Petitioner"), pursuant to 28 U.S.C. §2254. This petition was received and filed in this court on August 29, 2014. Petitioner is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. He challenges his state court conviction, habitual offender adjudication, and sentence. He names Warden N. Burl Cain as respondent.

On March 22, 2007, Petitioner was convicted of one count of aggravated second degree battery in Louisiana's First Judicial District Court, Parish of Caddo. On December 9, 2007, he was adjudicated a second felony offender. On January 8, 2008, he was sentenced to 16 years imprisonment at hard labor without benefit of parole, probation, or suspension of sentence.

In support of this petition, Petitioner alleges (1) he was denied the right to appointment of counsel to develop ineffective assistance of trial and appellate counsel claims based on newly discovered evidence, and (2) the State erroneously applied La. C.Cr.P. arts. 930.4 and 930.8A.

For the reasons that follow, Petitioner is not entitled to the relief requested and his petition should be dismissed because it is barred by the one-year limitation period of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. Section 2244.

## LAW AND ANALYSIS

On April 24, 1996, the AEDPA amended 28 U.S.C. Section 2244 to provide for a "1-year period of limitation [that] shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." The limitation period runs from the latest of four possible dates, as follows[1]:

1. the date "the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review";

2. the date "the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action";

3. the date that "the constitutional right asserted was initially recognized by the

---

[1] The time during which a properly filed state post-conviction relief application or other collateral review is pending shall not be counted toward the period of limitations. See 28 U.S.C. § 2244(d)(2).

Supreme Court," if it is newly recognized and made retroactively applicable; or

4. the date "the factual predicate of the claim . . . presented could have been discovered through . . . due diligence." 28 U.S.C. § 2244 (d)(1).

Therefore, in order for a petition to be considered timely, it must be filed within one year from the most recent date provided by subsections (1) through (4). In the case where a petitioner makes claims that do not implicate subsections (2) through (4), the court must determine when the petitioner's conviction became final on direct review and then toll the limitations period for the time taken for any "properly filed" collateral review applications.

Petitioner was convicted on March 22, 2007, adjudicated a habitual offender on December 9, 2007, and sentenced on January 8, 2008. The Louisiana Second Circuit Court of Appeal affirmed his conviction and amended his sentence on January 14, 2009. State v. Speed, 43,786 (La. App. 2 Cir. 1/14/09), 2 So.3d 582. The Supreme Court of Louisiana denied writs of review on November 6, 2009. State v. Speed, 21 So.3d 299, 2009-0372 (La. 11/06/09). In a case where a convicted person timely pursues his direct appeal through a writ application to the Supreme Court of Louisiana, the conviction and sentence become final for purposes of Section 2244 ninety days after the state's high court enters its judgment, which is when the time to file a petition for writ of certiorari with the Supreme Court has expired. Roberts v. Cockrell, 319 F.3d 690, 693 (5th Cir. 2003). Therefore, Petitioner's conviction and sentence became final on February 4, 2010.

The federal petition currently before the court was signed on August 25, 2014 and received and filed in this court on August 29, 2014, more than three years too late. In addition, the post-conviction proceedings initiated by Petitioner in 2012 and 2013 and after do not serve to toll the one-year limitation period, as they were not filed within the one-year period. See supra footnote 1. To toll the federal limitation period at all, a petitioner's post-conviction proceedings must be filed within the federal one-year period. Petitioner did not file his motion to correct an illegal sentence until July 2012, more than one year after the limitation period had already expired in February 2011, and he did not file his application for post-conviction relief until May 2013, more than 2 years after the limitation period had already expired in February 2011.

Petitioner next argues that his federal petition is timely because of newly discovered evidence. He claims that in May of 2013, he received the court ordered transcript of his January 8, 2008 guilty plea. The court will construe Petitioner's claim of newly discovered evidence as an argument that he is entitled to statutory tolling pursuant to 28 U.S.C. § 2244(d)(1)(D). This claim is without merit. This subsection permits the determination of the limitations period from " ... the date on which the factual predicate of the claim ... could have been discovered through the exercise of due diligence." The factual predicate of Petitioner's claim is that the January 8, 2008 guilty plea used to adjudicate him a second felony offender is defective.

Petitioner was aware of his guilty plea proceedings on January 8, 2008, the date on which he pleaded guilty and on December 9, 2007, the date of his habitual offender adjudication. As provided by the statute, Petitioner may have the limitations period calculated not from the date the "new" fact was discovered, but rather the date upon which the "new" fact "could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D).

The Petitioner could have discovered through the exercise of due diligence prior to the expiration of the one-year limitation period the factual predicate of his claim. Thus, Petitioner cannot rely upon the provisions of 28 U.S.C. § 2244(d)(1)(D).

Petitioner argues that the limitation period should be reckoned as to his ineffective assistance of counsel claims as provided in Section 2244(d)(1)(C), the date upon which a Constitutional right has been recognized by the Supreme Court and made retroactive to cases on collateral review. In support of this claim he cites Martinez v. Arizona, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). Martinez, supra and its progeny (see, for example, Trevino v. Thaler, 133 S.Ct. 1911 (2013)) recognized that ineffective assistance of counsel at the initial-review collateral attack stage may constitute "cause" to excuse a habeas petitioner's procedural default; however, it appears that this line of cases does not apply to the AEDPA's statute of limitations and cannot be invoked to establish eligibility for equitable tolling. Compare Arthur v. Thomas, 739 F.3d 611, 631 (11th Cir.2014) ("Thus, we also hold that the reasoning of the Martinez rule does not apply to AEDPA's limitations period

in § 2254 cases or any potential tolling of that period."). Petitioner may not rely upon tolling as provided in Section 2244(d)(1)(B), (C), or (D).

Accordingly;

**IT IS RECOMMENDED** that Petitioner's application for writ of habeas corpus be **DENIED AND DISMISSED WITH PREJUDICE**, sua sponte, because it is time barred by the one-year limitation period imposed by the AEDPA. See Kiser v. Johnson, 163 F.3d 326 (5th Cir. 1/6/99)

## OBJECTIONS

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party. See Douglas v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under Section 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within **fourteen (14) days** from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

**THUS DONE AND SIGNED**, in chambers, in Shreveport, Louisiana, this 4th day of February 2015.

Mark L. Hornsby
U.S. Magistrate Judge